## Evans *versus* Dunkelberger.

An assignment made in the State of New York, and valid by the laws of that State, may be recorded in Pennsylvania and operate as an assignment against all persons claiming subsequently to the time of recording, and prior to that against purchasers and creditors having *actual notice of it.*

ERROR to the Court of Common Pleas of *Perry County.*

Foreign attachment.

Case stated, the facts of which sufficiently appear in the opinion of the court delivered May 22d, 1861, by

THOMPSON, J.—We agree with the learned judge of the Common Pleas that the assignment for the benefit of creditors made on the third day of September, 1858, in the State of New York, by Charles Dunkelberger to William V. Cowan, was valid by the laws of that State. The objection that it was not acknowledged by the assignor is without force, when tested by the laws of that State. All that is required there, when there is no acknowledgment of the deed by the grantor, is the execution and delivery of it attested by at least one subscribing witness. Rev. Stat. 157, cap. 1, part 2. That was the form of the execution of this assignment at its date as appears by the case stated. The subsequent acknowledgment on the fourth day of October following was no evidence of its immaturity. It. was probably done to fit the instrument for recording in Pennsylvania, where it was designed to have operation, as well as in the State of New York.

Being a valid instrument by the laws of New York, it might by the act of the third of May, 1855, be recorded in Pennsylvania, and operate as an assignment against all persons claiming subsequently to the time of recording, and prior to that against all purchasers and creditors having *actual notice of it.* Br. Dig. 1112. Of course the instrument must be such as would pass property between grantor and grantee in this State. But it was so here. By our law then it was to operate after recording against all, and before *against such as had actual notice.*

Previous to the act of 1855, assignments out of the State, of personal property within the State were sustained on general common law principles. *Speed* v. *May,* 5 Har. 91; *Law* v. *Mills,* 6 id. 185. The statute now gives a more extended operation to them.

The testimony of certain witnesses to be found on our paper books was made part of the case stated, and they prove clear actual notice to Evans of the assignment by Dunkelberger before he issued his attachment. This brings his case within the act of 1855, and postpones his attachment in favor of the assignment.

The judgment must therefore be affirmed.

Judgment affirmed.

See *Mullikin* v. *Aughinbaug,* 1 Pa. R. 117.